UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
FAIRMONT FUNDING LTD,

                **Plaintiff**                  Civil Action No. 09-CV174(JG

    -Against-

FREEDOM MORTGAGE CORP.,                  COMPLAINT

                **Defendant.**
-------------------------------------------------------------------x

1. Plaintiff, **Fairmont Funding Ltd**.(hereinafter referred to as "**Plaintiff**") is a New York Corporation duly incorporated and licensed to do business in the State of New York with offices at 1333 60th St., Brooklyn, NY 11219.

2. Upon information and belief, Defendant Freedom Mortgage Corporation (hereinafter referred to as "**Defendant**") is a New Jersey corporation with offices located at 907 Pleasant Valley Ave., #3, Laurel, New Jersey 08054.

**JURISDICTION AND VENUE**

3. This Honorable Court has jurisdiction over this matter pursuant to 28 U.S.C. 1332(a)(1), because there is complete diversity between Plaintiff and Defendant, and the amount in controversy exceeds $75,000. The parties have agreed that venue is appropriate in this Honorable Court.

**FIRST CAUSE OF ACTION**

4. In April, 2006, Plaintiff sold a pool of "mortgage servicing rights" on approximately Three Hundred Seventy Million ($370,000,000) Dollars of mortgages to Defendant. Mortgage servicing rights are the right to administer and service a mortgage, including

accepting payments and arranging for remedies in the event of default. The servicing agent is paid a monthly fee, and servicing rights are extremely lucrative.

5. Pursuant to the Agreement between the parties, Defendant was permitted to hold back and not pay Plaintiff $539,000 out of the total purchase price (hereinafter the "holdback amount"), because approximately 12,333 documents, out of the hundreds of thousands of documents transferred under the Agreement of Sale, had not been supplied to Defendant when the files were transferred. It is quite common that documents are missing when servicing rights are transferred.

6. Since the sale, Fairmont has supplied in excess of 10,000 of the missing documents to Defendant. Pursuant to Section 3.03 of the Agreement of Sale, when some or all of these documents are provided to Defendant, Defendant is obligated to pay Plaintiff a pro rata share of the holdback amount, which is a percentage of the holdback amount equal to the percentage of the 12,333 documents actually supplied to Defendant, or approximately $450,000. Plaintiff has supplied more than 79% of the documents to Defendant, and is entitled to more than 79% of the holdback amount. Defendant has refused to pay Plaintiff anything, despite timely demands.

## COUNT 1.  BREACH OF CONTRACT

7. Plaintiff repeats and realleges paragraphs 1-6 as if fully set forth herein.

8. Defendant has breached its contract with Plaintiff by refusing to pay Plaintiff its pro rata share of the holdback amount. Plaintiff has been damaged by Defendant's refusal to pay Plaintiff the sum of at least $450,000, not including interest and costs.

9. Wherefore Plaintiff seeks judgment against Defendant in the amount of at least $450,000,

plus interest, costs and attorney fees.

**COUNT 2 UNJUST ENRICHMENT**

10. Plaintiff repeats and realleges paragraph 1-9 as if more fully set forth herein.

11. Defendant has been unjustly enriched by its refusal to pay Plaintiff, since it has benefited from the pool of servicing rights sold to it, without having to pay for the servicing rights as agreed. In breaching its promise to pay Plaintiff, Defendant induced Plaintiff to sell Defendant the servicing rights. Plaintiff is entitled to recover the amount that Defendant has been unjustly enriched by its retention of the servicing rights so acquired, which on information and belief, is a sum substantially in excess of One ($1,000,000.00) Million Dollars.

12. Wherefore Plaintiff seeks judgment against Defendant in the amount of at least One Million ($1,000,000.00) dollars, plus interest, costs and attorney fees.

**SECOND CAUSE OF ACTION**

13. Plaintiff repeats, reiterates and realleges each and every allegation of paragraphs 1-12 as if more fully set forth herein.

14. Defendant also purchased mortgages originated by Plaintiff from the Plaintiff. Defendant published guidelines for mortgages it would purchase from Plaintiff. Frequently, Defendant would approve a loan for its purchase prior to the closing, having underwritten the loan itself.

15. Plaintiff funded its loans by drawing on a warehouse line of credit. By contract, Plaintiff was obliged by the warehouse lender to sell these loans within thirty (30) days of closing, removing the mortgages from its warehouse line, and freeing up funds to close other

mortgages, which allowed Plaintiff to draw on the replenished warehouse line, as Defendant knew.  Fairmont preferred to have Defendant, in its capacity as the purchaser of the mortgages, commit to the purchase of the loan prior to closing the mortgages.  Upon receiving the commitment, Plaintiff knew that the mortgage could be sold shortly after closing at a definite price, freeing up funds on the warehouse line to fund other closings.  Relying on Defendant's promise to purchase these loan, Fairmont drew on its warehouse line to fund the mortgages, selling them shortly thereafter to Defendant.

16. In, or about, March, 2007, Defendant Freedom had promised to purchase at least five mortgages from Fairmont, prior to closing.  Specifically relying on Freedom's promise to buy these mortgages, Fairmont closed the mortgages, funding the mortgages by drawing down on its warehouse line.  On March 23, 2007, despite its promise to purchase these five mortgages, and knowing that Plaintiff had detrimentally relied on Freedom's promise and had already closed the subject mortgages, Defendant Freedom treacherously and improperly reneged on its commitments, and notified Plaintiff that it would not purchase the mortgages, because of "extraordinary changes" in the mortgage market.  In fact, the value of the mortgages had fallen considerably since Freedom promised to buy the mortgages, prompting Freedom's abject and craven refusal to honor its commitments.

17. The loans are:

   a. Two Alam loans Fairmont numbers NY 9928 and 9932.

   a. Two Anthony loans Fairmont numbers BR 13166 and BR 13188.

   b. Kahan Fairmont number BR 13192.

18. As a consequence of Defendant's egregious breach of its promises to buy these mortgages and Plaintiff's detrimental reliance on those promises, Plaintiff has been damaged in a sum in excess of $170,000, as a result of having to sell these loans at a substantial loss, and because its warehouse line of credit was compromised.  Plaintiff's direct loss on Alam was approximately $70,000. The losses on the other loans were approximately $35,000 on Kahan, and $45,000 on 2 Anthony loans.
19. Plaintiff was damaged because the loans remained on Plaintiff's warehouse line for an extended period, and compromised the warehouse line, damaging Plaintiff.
20. Wherefore, Plaintiff seeks judgment against Defendant in the amount of at least $170,000, plus interest, costs and attorney fees on this Count.

**WHEREFORE**, Plaintiff Fairmont Funding Ltd. respectfully requests that this Honorable Court grant Plaintiff judgment against Defendant:

(1) for the sum of at least $450,000 together with interest, expenses and attorney fees on Count One of the First Cause of Action; and

(2)  for the sum of at least $1,000,000 together with interest, expenses and attorney fees on Count Two of the First Cause of Action; and

(3)  for the sum of at least $170,000 on the Second Cause of Action,

together with such further damages as may be proven during the course of this lawsuit, together with interest, costs, disbursements and reasonable legal fees, together with such other and further relief as this Court deems just and proper.

Dated:   March 12, 2009
         New York, New York

                Yours etc.
                Hymowitz & Freeman


              By: _____
                Michael M. Freeman (JC 7387)
                404 Park Avenue South
                New York, New York 10016
                (212)889-3900

                *Attorneys for Plaintiff*
                *Fairmont Funding, Ltd.*

To: John K. Crossman (JC 7387)
    Zukerman Gore Brandeis
    & Crossman, LLP
    875 Third Avenue
    New York, New York 10022
    (212)223-6700

    *Attorneys for Defendant*
    *Freedom Mortgage Corp.*